UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                 Chapter 7

John Chase,

                 Case No.: 8-15-74237-las

      Debtor.
------------------------------------------------------------X
Kristen Chase,

      Plaintiff,        Adv. Pro. No.: 8-15-08369-las

 - against -

John Chase,

      Defendant.
------------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

In this adversary proceeding, *pro se* plaintiff Kristen Chase alleges that the debt owed to her by defendant John Chase, her ex-spouse and the debtor in this chapter 7 case, is a domestic support obligation and is therefore nondischargeable under 11 U.S.C. § 523(a)(5) or, in the alternative, that the debt at issue arose out of the parties' divorce decree and is excepted from discharge under 11 U.S.C. § 523(a)(15)[1] [dkt. no. 1]. Plaintiff subsequently filed an amended complaint [dkt. no. 26]. The amended complaint is nearly identical to the original complaint, except that it alleges additional causes of action objecting to defendant's discharge under § 727(a).

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., will hereinafter be referred to as "§ (section number)".

Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

Defendant, also proceeding *pro se*, has moved to dismiss the amended complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6), made applicable here by Bankruptcy Rule 7012, for failure to state a claim upon which relief may be granted. [dkt. nos. 36, 44, 48]. Plaintiff has not responded to defendant's motion. The Court has reviewed and considered carefully the parties' submissions. For the reasons stated below, defendant's motion is denied.

I.   Background

The following is a summary of the factual allegations contained in the amended complaint, which the Court takes to be true for the purposes of this motion, drawing all reasonable inferences in favor of plaintiff.[2]

This dispute arises out of the parties' divorce proceeding in the Supreme Court of the State of New York, Columbia County ("Columbia County Supreme Court"). On July 21, 2004, the Columbia County Supreme Court entered an order granting plaintiff exclusive use and possession of the marital residence, and directing defendant to pay the arrears and future payments in respect of the mortgage encumbering the marital residence until further notice. Defendant failed to cure the outstanding arrears on the mortgage and a relative of plaintiff paid the arrears instead. Judgment was subsequently entered by the Columbia County Supreme Court in favor of plaintiff and against defendant in the amount of the mortgage arrears, $39,243, plus interest.

On October 12, 2005, defendant filed for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Prior

---

[2] *See Weshnak v. Bank of America, N.A.*, 451 F. App'x 61, 61 (2d Cir. 2012) (at the motion to dismiss stage, the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor.") (internal citation omitted).


Bankruptcy Case"). In the Prior Bankruptcy Case, defendant sought to hold plaintiff in contempt asserting that she willfully violated the automatic stay by continuing to pursue collection of the debt at issue.[3] Pursuant to a minute order dated July 19, 2006, Bankruptcy Judge Arthur J. Gonzalez denied defendant's contempt motion finding that plaintiff's conduct was not in violation of the automatic stay "[i]n that such conduct are efforts to collect nondischargeable debts from non estate assets of the Debtor." *Minutes of Proceedings*, *In re Chase*, No. 05-45706 (Bankr. S.D.N.Y. July 19, 2006) [dkt. no. 43]. Defendant did not move to reconsider the July 19, 2006 order, nor did he seek appellate review.

On September 22, 2006, defendant filed a second contempt motion arguing that (i) plaintiff sought to collect the debt from assets of his bankruptcy estate and (ii) plaintiff's conduct was an attempt to collect an award of equitable distribution and not an award of maintenance. At an October 12, 2006 hearing on the second contempt motion, Judge Gonzalez stated that the court would reconsider, *sua sponte*, the July 19, 2006 order. Pursuant to a minute order dated October 18, 2006, Judge Gonzalez withdrew the *sua sponte* motion to reconsider, and to the extent it was adopted by defendant, it was denied. In so ruling, Judge Gonzalez found that the issue of the nature of the debt was identical to the issue raised in the first contempt motion and was actually litigated and decided by the court in the July 19, 2006 order. As such, defendant was precluded from relitigating whether plaintiff's conduct violated the automatic stay under principles of *res judicata* and collateral estoppel. In particular, Judge Gonzalez found plaintiff's actions did not violate the automatic stay because "her efforts to collect were in regard to nondischargeable debts related [to] 'support, maintenance or alimony' and she attempted to collect those debts from property

---

[3] The history of the litigation between the parties concerning defendant's attempts to enjoin plaintiff's efforts to collect the debt at issue can be found in *Chase v. Chase (In re Chase)*, 392 B.R. 72 (Bankr. S.D.N.Y. 2008).

that was not property of the estate." *Minutes of Proceedings,* Ex. A at 6, Oct. 18, 2006 [dkt. no. 43].

Defendant moved for reconsideration of the October 18, 2006 order. By order dated October 31, 2006, Judge Gonzalez denied defendant's motion, finding "no ground for relief under [Bankruptcy] Rule 9023, or any other applicable rule." Defendant appealed the denial of his motion for reconsideration. On appeal, District Judge Shira A. Scheindlin affirmed the October 18, 2006 order finding that the debt owed by defendant to plaintiff "was in the nature of support, not distribution of marital property" and that "[t]he bankruptcy court properly applied the law governing domestic support to the underlying facts." *See* Memorandum Opinion and Order, at 9-10, *Chase v. Chase*, No. 06 Civ. 13743 (SAS) (S.D.N.Y Jan. 22, 2008).

Thereafter, defendant commenced an adversary proceeding in the Prior Bankruptcy Case against plaintiff seeking to discharge under former § 523(a)(5) and (a)(15) the $39,243 debt arising under the July 21, 2004 order entered by the Columbia County Supreme Court in his divorce proceeding. Plaintiff (as the defendant in that adversary proceeding) moved to dismiss the complaint arguing that the debt was previously determined by Judge Gonzalez to be a domestic support obligation in his July 19, 2006 order. In an opinion dated August 18, 2008, the bankruptcy court granted plaintiff's motion to dismiss on the basis of collateral estoppel or issue preclusion finding that the question of whether the debt was in the nature of alimony, maintenance, or support was fully reviewed and decided by the court in the context of both contempt motions, as well as by the District Court. *Chase*, 392 B.R. at 85. Defendant moved to reconsider the August 18, 2008 decision dismissing his complaint. That motion was denied by the bankruptcy court on September 23, 2008. Defendant appealed the denial of the motion for reconsideration, which appeal was dismissed on November 18, 2008 by District Judge Jed. S. Rakoff for failure to prosecute.

In 2009, plaintiff sought entry of a money judgment in the Supreme Court for the State of New York, Suffolk County ("Suffolk County Supreme Court") against defendant for the mortgage arrears she claimed defendant owed under the July 21, 2004 order entered by the Columbia County Supreme Court. Pursuant to an order, dated August 19, 2009, the Suffolk County Supreme Court denied plaintiff's motion without prejudice because plaintiff failed to "present competent proof of the amount paid on her behalf towards [defendant's] obligations to pay the mortgage."

On the basis of these events, plaintiff brings this adversary proceeding alleging that the debt arising under the July 21, 2004 order entered by the Columbia County Supreme Court is excepted from discharge under § 523(a)(5)[4] because in defendant's Prior Bankruptcy Case the debt was found to be in the nature of alimony, maintenance or support. Plaintiff asks this Court to give preclusive effect to Judge Gonzalez's prior determination, affirmed on appeal, that the debt is a nondischargeable domestic support obligation.

Plaintiff also seeks a denial of defendant's discharge under § 727(a)(2), (a)(3), and (a)(4)(A), (B) and (D) on the grounds that (i) he failed to disclose assets and income on his bankruptcy schedules; (ii) he concealed, destroyed, mutilated or falsified, or failed to keep records regarding his financial condition; and (iii) he made a false oath when he certified the accuracy of his bankruptcy schedules.

For his part, defendant argues that the judgment entered by the Columbia County Supreme Court based upon its July 21, 2004 order was vacated by the August 19, 2009 order of the Suffolk County Supreme Court. As such, defendant claims there is no debt owed by

---

[4] Although the amended complaint makes reference to § 523(a)(15), plaintiff did not allege any facts in support of a claim under § 523(a)(15) nor did she plead a cause of action seeking to except the debt from discharge under that section.

5

him to plaintiff. Additionally, defendant denies all allegations that his discharge should be denied.

## II.     Rule 12(b)(6) Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2)[5]; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To meet this standard, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id*. Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Although on a motion to dismiss all well-pleaded factual allegations in the complaint are assumed true, this principle is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint; not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation mark omitted).

---

[5] Fed. R. Civ. P. 8 is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7008.

When considering a motion to dismiss, a "court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111. *See also* Fed. R. Civ. P 10(c)[6] ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (*quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)). Courts may also take judicial notice of matters of public record when considering motions to dismiss. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991).

Furthermore, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (*quoting Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, [courts] remain obligated to construe a *pro se* complaint liberally."). Nevertheless, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Iwachiw v. N.Y.C.*

---

[6] Fed. R. Civ. P. 10 is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7010.

*Bd. of Educ.,* 194 F. Supp. 2d 194, 202 (E.D.N.Y. Mar. 29, 2002) (*citing Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In addition, the failure to oppose a motion to dismiss "does not in and of itself justify dismissal of the action, as the Court is still required to assess whether the plaintiff has sufficiently pled a claim for which relief can be granted." *Olabopo v. Gomes*, No. 13-CV-5052(RRM)(LB), 2016 WL 5477586, at * 3 (E.D.N.Y. Sept. 29, 2016). "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.  If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal citation omitted). *See also Rivera v. Children's & Women's Physicians of Westchester, LLP,* No. 16 Civ. 714 (PGG)(DCF), 2017 WL 1065490 at *6 (S.D.N.Y. March 18, 2017) (declining to adopt the report and recommendation that the action be dismissed due to plaintiff's failure to respond to the motion to dismiss but considers the merits of the motion instead); *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 233-34 (E.D.N.Y. 2014)(unopposed motion to dismiss is not automatically granted).

III.    Discussion

    A.  11 U.S.C. § 523(a)(5)

Section 523(a)(5) provides that "[a] discharge under section 727 … does not discharge an individual debtor from any debt … for a domestic support obligation."[7] 11 U.S.C.

---

[7] A "domestic support obligation" is defined as:
> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

8

§ 523(a)(5). In defendant's Prior Bankruptcy Case, the bankruptcy court determined that the underlying debt is a domestic support obligation. That determination was affirmed on appeal. Plaintiff now seeks to have that determination apply to this bankruptcy case pursuant to the doctrines of *res judicata* and collateral estoppel.

In his motion to dismiss, defendant does not dispute that the underlying debt is a nondischargeable domestic support obligation under § 523(a)(5). Rather, defendant contends that the July 21, 2004 order of the Columbia County Supreme Court and the rulings made in his Prior Bankruptcy Case are null and void because the August 19, 2009 order entered by the Suffolk County Supreme Court overrides any prior determination regarding the nature of his debt to plaintiff. Defendant, however, is mistaken. That is not what the August 19, 2009 order says. The August 19, 2009 order denied plaintiff's cross-motion for entry of a money judgment for mortgage arrears of $39,243 arising under the July 21, 2004 order because of insufficient evidence. Although plaintiff asserted that the mortgage arrears were paid by a third party, the court declined to rule in her favor as she failed to show what amount of the mortgage arrears was actually paid by her or by a third party on her behalf. In so ruling, the Suffolk County Supreme Court denied plaintiff's request without prejudice to renewal of her application upon proper proof of payment. As such, defendant's claim that by

---

    (ii) a governmental unit;
  (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
  (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of the court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

Case 8-15-08369-las    Doc 51    Filed 05/01/18    Entered 05/01/18 14:54:13

reason of the August 19, 2009 order of the Suffolk County Supreme Court he is no longer obligated on the underlying debt is misplaced. Plaintiff has set forth sufficient allegations to state a claim that the August 19, 2009 order did not extinguish the debt.

Having determined that plaintiff has set forth facts sufficient to support a claim that the August 19, 2009 order did not erase the debt, the Court now turns to whether plaintiff has set forth sufficient allegations to support a claim that because the debt was previously determined to be in the nature of alimony, maintenance or support in defendant's Prior Bankruptcy Case, it remains nondischargeable as a domestic support obligation in his current chapter 7 case. As noted above, plaintiff alleges that under the doctrines of *res judicata* and collateral estoppel, preclusive effect must be given to the prior determination as to the nature of the underlying debt.

Section 523(b) permits re-determination of the nondischargeability of a debt only if it was previously determined to be nondischargeable under § 523(a)(1), (a)(3), or (a)(8). *Davis v. Voncannon (In re Voncannon)*, Adv. No. 14-02021, 2016 Bankr. LEXIS 368, at \*4 (Bankr. M.D.N.C. Feb. 5, 2016) ("Section 523(b) provides for re-determination of a debt previously excepted from discharge only if it was found nondischargeable pursuant to § 523(a)(1), (a)(3), or (a)(8))." *See also Moncur v. Agricredit Acceptance Co.* (*In re Moncur*), 328 B.R. 183, 185 (B.A.P. 9th Cir. 2005) ("Section 523(b) indirectly acknowledges that, except for the several exceptions stated therein, the general rule is that if a particular debt is determined to be nondischargeable in a valid and final judgment by a court with jurisdiction and from which there was an opportunity to appeal, then the debt is always nondischargeable on the basis determined in the judgment. In other words: once nondischargeable, always nondischargeable."); *Paine v. Griffin (In re Paine)*, 283 B.R. 33 (B.A.P. 9th Cir. 2002); *In re Smith*, 401 B.R. 733 (Bankr. D. Md. 2008).

Because plaintiff has not sought to except the underlying debt from discharge under § 523(a)(1), (a)(3), or (a)(8), the limited exception found in § 523(b) to "once dischargeable, always dischargeable" is not applicable here. In this action, plaintiff alleges that the debt was previously determined to be nondischargeable as a domestic support obligation under § 523(a)(5) in defendant's Prior Bankruptcy Case and remains nondischargeable in defendant's subsequent bankruptcy case now pending before this Court. Specifically, plaintiff alleges that the precise issue before this Court has been litigated and decided in defendant's First Bankruptcy Case and must be given preclusive effect. A party seeking application of collateral estoppel under federal law must show (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). Plaintiff's amended complaint falls squarely within the parameters of established law regarding the application of the doctrine of collateral estoppel. The amended complaint alleges facts identifying the issue actually litigated in defendant's Prior Bankruptcy Case and the resolution of that issue by final decision. Accordingly, the Court finds that plaintiff's amended complaint pleads sufficient facts to support a claim that the debt is nondischargeable under § 523(a)(5) on the basis of issue preclusion.

    B.   11 U.S.C. § 727(a)

    (i)    The Court's Scheduling Order

On March 4, 2016, the Court entered a scheduling order on defendant's motion to dismiss the original complaint [dkt. no. 13]. That order set March 31, 2016 as the last day for plaintiff to file a response to the motion to dismiss or file an amended complaint. Plaintiff requested two extensions of time, both of which the Court granted pursuant to amended

11

scheduling orders dated March 29, 2016 and April 12, 2016, which ultimately extended the deadline to April 28, 2016 [dkt. nos. 18, 23]. Plaintiff did not request a further extension of time nor did she move for leave to file an amended complaint after expiration of the deadline set forth in the Court's scheduling order. The amended complaint was filed on April 29, 2016, one day after the deadline set by the Court. In his motion to dismiss, defendant did not raise plaintiff's failure to meet the deadline for the filing of an amended complaint. Nevertheless, despite plaintiff's failure to comply with the deadline fixed by the scheduling order and to stave off further motion practice, the Court will address the additional causes of action asserted under § 727(a). As discussed below, the second and third causes of action set forth in the amended complaint, which seek to deny defendant's discharge under § 727(a)(2), (a)(3) and (a)(4)(A), (B), and (D), must be dismissed as untimely filed under Bankruptcy Rule 4004(a).

    (ii)    Bankruptcy Rule 4004(a)

Pursuant to Bankruptcy Rule 4004(a), a complaint objecting to a debtor's discharge under § 727(a) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341.[8] Fed. R. Bankr. P. 4004(a). "This deadline is an inflexible and mandatory rule, one not subject to a court's discretion. ... Even though deadlines may lead to harsh results in particular cases, their observance by the bankruptcy bar and their enforcement by courts lead to the salutary result of bringing finality to bankruptcy proceedings." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996) (noting that after the discharge deadline has passed, it is too late for any party to object to discharge in an ongoing adversary proceeding); *Chaudhry v. Ksenzowski (In the Matter of Ksenzowski)*, 56 B.R. 819 (Bankr. E.D.N.Y. 1985) (finding that the bankruptcy court has no

---

[8] On motion of any party in interest, after notice and a hearing, the court may extend the time to object to discharge for cause, but the motion must be filed before the time has expired. See Fed. R. Bankr. P. 4004(a).

discretion to grant a request to extend the discharge deadline when it is made after the deadline has passed). Here, the deadline to file a complaint objecting to defendant's discharge or to determine the dischargeability of debt was December 28, 2015. Plaintiff did not file a complaint objecting to defendant's discharge by the deadline nor did she move to extend the time to do so. Defendant received a discharge on December 30, 2015. Plaintiff did, however, timely commence this adversary proceeding seeking to determine the dischargeability of the debt under § 523(a)(5) by filing the original complaint on December 28, 2015.

Even where a party has timely filed a complaint objecting to the dischargeability of debt under § 523(a), the party cannot amend its complaint to object to discharge under § 727 for the first time after the deadline to do so has passed. *Zutrau v. Zutrau (In re Zutrau)*, 482 B.R. 704 (Bankr. D. Mass. 2012) (denying motion to dismiss plaintiff's timely § 523(a) causes of action but granting motion as to § 727 causes of action raised in plaintiff's amended complaint as being time-barred).

> Because exceptions to discharge and objections to discharge are two completely distinct and radically-different causes of action, proceedings involving them are in essence separate lawsuits even though they may be pleaded jointly in the same complaint. As essentially separate lawsuits, each such proceeding must be brought within the statute of limitations prescribed by BANKR. R. 4004(a) and 4007(c), subject only to extension upon motion timely [filed] under those rules.

*Boan v. Damrill (In re Damrill)*, 232 B.R. 767, 777 (Bankr. W.D. Mo. 1999) (denying application to amend a complaint objecting to discharge under § 727(a)(4) for false oath to add additional grounds to deny debtor's discharge under § 727(a)(2) and a separate cause of action to determine dischargeability of debt under § 523(a)).

Amendments to add additional causes of action under § 523 or § 727 are permitted only where the allegations in the original complaint were sufficient to put the debtor on notice of the allegations incorporated in the amended complaint. *Damrill*, 232 B.R. at 772; *Re/Max*

13

*Prop., Inc. v. Barnes (In re Barnes)*, 96 B.R. 833, 838-39 (Bankr. N.D. Ill. 1989). Pursuant to Fed. R. Civ. P. 15[9] an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading". Fed. R. Civ. P. 15(c)(1)(B). That is not the case here. The original complaint asserted only factual allegations concerning whether the debt owed to plaintiff by defendant should be excepted from discharge under § 523(a)(5) as a domestic support obligation. Plaintiff's amended complaint adds (1) as a second cause of action, an objection to discharge under § 727(a)(4)(B) alleging that defendant failed to disclose in his bankruptcy schedules certain assets, such as businesses and real property, in which he allegedly has an ownership interest, and (2) as a third cause of action, an objection to discharge under § 727(a)(2), (a)(3), and (a)(4)(A) and (D). The third cause of action does not assert any specific factual allegations regarding defendant's conduct other than the alleged failure to disclose ownership interests in various businesses and real property.

Because the bases upon which plaintiff objects to defendant's discharge under § 727(a) were not raised in the original complaint, these causes of action cannot relate back to when the original complaint was filed and are time-barred.[10] Accordingly, the second and third causes of action in the amended complaint are dismissed with prejudice.

IV.     Conclusion

For the reasons set forth above, defendant's motion to dismiss the amended complaint is denied, and plaintiff's claims under § 727(a) are dismissed as untimely. The Court will hold

---

[9] Fed. R. Civ. P. 15 is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7015.
[10] Because plaintiff's nondischargeability cause of action under section 523(a)(5) was asserted in the original complaint, the section 523(a)(5) claim relates back to the original complaint notwithstanding the untimeliness of the filing of the amended complaint.

14

a conference on May 8, 2018 at 11:30 a.m. to determine what discovery remains necessary to resolve this adversary proceeding and to set a schedule for its final resolution.



**Dated: May 1, 2018**  
      **Central Islip, New York**

/s/ Louis A. Scarcella  
**Louis A. Scarcella**  
**United States Bankruptcy Judge**